Williams v. New York Hospital Medical Center of Queens

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 6ᵗʰ day of October, two thousand seventeen.

Present:     JON O. NEWMAN,
             JOHN M. WALKER, JR.,
             ROSEMARY S. POOLER,
                   Circuit Judges.

_____

JAMEL WILLIAMS,

                   *Plaintiff-Appellant*,

        v.                                                      16-3207-cv

NEW YORK HOSPITAL MEDICAL CENTER OF
QUEENS,*

                   *Defendant-Appellee*.

_____


Appearing for Appellant:     JAMEL WILLIAMS, pro se, Far Rockaway, NY.

_____

* In their brief, Defendants assert that they have changed their name to "New York Presbyterian/Queens". Because they did not move to change the heading in this case, we leave it unaltered.

1

Appearing for Appellee:		TONY GARBIS DULGERIAN, Tara E. Daub, Alexander E. Gallin (*on the brief*), Nixon Peabody LLP, Jericho, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Kuntz, *J.*)

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and hereby is **AFFIRMED**.

Jamel Williams, proceeding pro se, appeals from the August 31, 2016 judgment of the United States District Court for the Eastern District of New York (Kuntz, *J.*) dismissing his employment discrimination suit against New York Hospital Medical Center of Queens.* Williams alleges that the Hospital stopped considering his employment application after a prospective or recently hired employee of the Hospital racially profiled Williams and wrongly accused him of stealing her cell phone while he was waiting for his second job interview. This accusation, ultimately dropped, led to an escalating series of interrogations in which Williams became increasingly agitated. He ultimately was removed from the Hospital by police officers and not allowed to continue with the interview process. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Assuming, as we are required to do at this stage of the proceedings, that everything Williams plausibly alleges is true, it does seem that he was badly and unfairly treated.. Apparently without any evidence, Williams was accused of theft and interrogated by police. He was thrown out of the Hospital when he protested his treatment, even though he had been cleared of wrongdoing. Unfortunately, it is well known to this court that racism on the part of accuser, investigators, and bystanders may well have affected the course of events.

However unfairly Williams may have been treated, we agree with the District Court that he has not stated a claim for employment discrimination under Title VII. Even if he provides reason to infer that his accuser and the NYPD officers were "motivated by discriminatory intent," as required by *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 85 (2d Cir. 2015), he does not provide reason to infer that the *decision not to hire him* derived from the same motives. The motives for accusation and unfair treatment during the investigation cannot be equated with the motives not to hire Williams, at least not on the factual allegations that Williams puts forward. Had Williams instead been late to a job interview due to a racially discriminatory police stop, we could simultaneously conclude that he had been mistreated due to his race and that he had no claim against those who decided not to hire him. Similarly here. Especially damaging to Williams's claim is the fact, disclosed in the New York State Division of Human Rights determination he attached to his amended complaint, that "both applicants who were ultimately hired for the open Transporter positions [that Williams was in consideration for]…are also African American." SA-28.

---

* Now apparently known as "New York Presbyterian/Queens".

We have considered the remainder of Williams's arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk